UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLYN EVETTE WADE,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>　　　　　　　　　　Defendant. | Civil No.　14cv2228-LAB (DHB)<br><br>**ORDER GRANTING MOTION TO BE RELIEVED AS COUNSEL OF RECORD**<br><br>**[ECF No. 17]** |

On April 2, 2015, attorney Lawrence D. Rohlfing filed a Motion to be Relieved as Counsel of Record. (ECF No. 17.) Mr. Rohlfing is currently counsel of record for Plaintiff Carolyn Evette Wade. All parties to the case have been notified of the motion and there have been no objections filed. For the reasons set forth below, the motion to be relieved is **GRANTED**.

## I. DISCUSSION

Mr. Rohlfing seeks to withdraw because Plaintiff has consistently failed to communicate with him since February 26, 2015. (ECF No. 17-1 at 4, ¶ 9.) Plaintiff's failure to communicate with her counsel is sufficient to allow Mr. Rohlfing withdrawal under California Rule of Professional Conduct 3-700(C)(1)(d), which allows withdrawal where the client "renders it unreasonably difficult for [counsel] to carry out the employment effectively." Cal. R. Prof. Conduct 3-700(C)(1)(d).

However, counsel may not withdraw until reasonable steps are taken "to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice

to the client, allowing time for employment of other counsel, complying with rule 3-700(D), and complying with applicable laws and rules." Cal. R. Prof. Conduct 3-700(A).

Here, Mr. Rohlfing has complied with Rule 3-700(A). On February 26, 2015, he corresponded with Plaintiff after he received the administrative record. (ECF NO. 17-1 at 4, ¶ 2.) Plaintiff did not respond. Mr. Rohlfing corresponded with Plaintiff concerning her lack of response on March 24, 2015. (*Id.* at ¶3.) The address Mr. Rohlfing used for the correspondence was 4073 Oakcrest Dr., Apt. 3, San Diego, California, 92015. (*Id.* at ¶ 8.) On March 24, 2015, Mr. Rohlfing's office also attempted to contact Plaintiff by telephone at (619) 674-6623. An unidentified person answered the call, and confirmed that Plaintiff used the number to receive phone calls, and that she received mail at the address on Oakcrest Drive. (*Id.* at ¶ 4.) As of the filing of the instant motion, Mr. Rohlfing has not heard from Plaintiff.

## II. CONCLUSION AND ORDER

Based on the foregoing, the Court finds that Mr. Rohlfing has made sufficiently diligent efforts to locate and communicate with his client. However, Plaintiff has been non-responsive. Accordingly, the Court **GRANTS** Mr. Rohlfing's motion to withdraw, and **ORDERS** as follows:

1. Mr. Rohlfing shall send by registered mail a copy of this order to Plaintiff at the 4073 Oakcrest Drive address noted above, and to any other known address for Plaintiff. Mr. Rohlfing shall file a declaration stating that he has done so on or before **April 15, 2015**.
2. Failure to comply with the above condition shall result in the denial of Mr. Rohlfing's motion to withdraw.
3. Plaintiff has **45 days** from the date of this order to obtain new counsel or be prepared to proceed *pro se.*
4. The briefing schedule is extended as follows:
    a. Plaintiff shall file and serve her motion for summary judgment on or before **June 26, 2015.**

      b.    Defendant shall file and serve her cross-motion for summary judgment and opposition on or before **July 24, 2015**.

      c.    Plaintiff shall file and serve her opposition to the cross-motion and reply to Defendant's opposition on or before **August 7, 2015**.

      d.    Defendant shall file any reply to Plaintiff's opposition on or before **August 14, 2015**.

      e.    Unless the Court directs otherwise in advance, this matter will be resolved on the papers and without oral argument. Civ. L.R. 7.1(d)(1).

IT IS SO ORDERED.

DATED: April 10, 2015

_____
DAVID H. BARTICK
United States Magistrate Judge